UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVEN QUINN SINGLETON, | Case No.: 1:25-cv-01433-CDB |
|---|---|
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE REGARDING UNSIGNED COMPLAINT, LACK OF SUBJECT MATTER JURISDICTION, AND IMPROPER VENUE |
| v. | |
| ALDRIDGE PITE LLP FOR VALLEY STRONG CREDIT UNION, | (Doc. 1) |
| Defendant. | **21-DAY DEADLINE** |

Plaintiff Steven Quinn Singleton ("Plaintiff") initiated this action with the filing of a complaint on October 27, 2025. (Doc. 1).

**Background**

Plaintiff, using a third-party complaint form, purports to sue "Aldridge Pite LLP for Valley Strong Credit Union." In the complaint, Plaintiff asserts that "Aldridge Pite LLP used Valley Strong Credit Union, with a principle place of business in Bakersfield, California[,] as a [p]laintiff and intentionally misrepresented numerous elements of a civil matter to obtain a writ of possession on a property. The interstate matter involves multiple parties, known and unknown, who have colluded to illegally acquire real property." *Id.* at 4.

Plaintiff asserts that, on September 30, 2025, "the exhibited complaint was filed. Attempts to prepare and file an answer was [sic] met with heavy device intrusions and corruption of the [s]tate e-filing system's processes. The 10/17/2025 [a]nswer and [c]ounterclaim was served.

1  Along the way, a family member was used to submit papers to produce an intentionally negligent
2  disposal." *Id.*  In the form's section for providing information for defendants and third-party
3  plaintiffs, Plaintiff names "Aldridge Pite LLP for Valley Strong Credit Union," with a listed address
4  of 11500 Bolthouse Drive, Bakersfield, California 93311.  Based on the Court's review of open-
5  source information, this address appears to be, in fact, a location of Valley Strong Credit Union.  In
6  the section for providing information relating to third-party defendants, Plaintiff names Aldridge
7  Pite, LLP, with a listed address of 6 Piedmont Center, 3535 Piedmont Road, Suite 700, Atlanta,
8  Georgia 30305.  *Id.* at 2.

9  Plaintiff attaches to his complaint voluminous exhibits, the majority of which relate to state
10 court proceedings in the state of Georgia.  *Id.* at 6-131.

11 **Discussion**

12 **A. Unsigned Complaint**

13 As a preliminary matter, Plaintiff's complaint is unsigned.  *See* (Doc. 1 at 5).  Under the
14 Federal Rules of Civil Procedure, every pleading must be signed either by an attorney or a party if
15 the party is unrepresented.  Fed. R. Civ. P. 11(a).  Similarly, this Court's Local Rule 131(b) requires
16 that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that
17 party is appearing in propria persona."  Local Rule 131(b).  The Local Rules define a signature as
18 a handwritten signature on a paper document or an electronic signature on an electronically-filed
19 document.  Local Rule 100.  This Court must strike an unsigned pleading unless the deficiency is
20 promptly corrected after notice to the party.  Fed. R. Civ. P. 11(a).

21 Thus, as Plaintiff's complaint is unsigned, the Court must strike it unless Plaintiff corrects
22 the deficiency.

23 **B. Jurisdiction**

24 The Court must satisfy itself that it may exercise subject matter jurisdiction over an action,
25 regardless of whether the issue of jurisdiction is raised by the parties, and must dismiss an action
26 over which it lacks jurisdiction.  *See Morongo Bank of Mission Indians v. Cal. State Bd. of*
27 *Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3).  Federal courts have
28 limited jurisdiction and can adjudicate only those cases which the United States Constitution and

1  Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994).
2  "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter
3  jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1)
4  federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-
5  LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019).

6  As set forth below, it does not appear that this Court may exercise subject matter
7  jurisdiction over Plaintiff's claims as the complaint does not adequately allege either complete
8  diversity among the parties or a federal question.

9  ### *i.     Diversity Jurisdiction*

10  28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions
11  where the amount in controversy exceeds $75,000 and is between citizens of different states.
12  Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from
13  the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A limited
14  liability partnership is a citizen of every state of which its partners are citizens. *Johnson v.*
15  *Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). "Subject-matter jurisdiction
16  can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter
17  jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

18  Plaintiff here has not alleged any amount in controversy, and as such, fails to satisfy the
19  requirement that it exceed $75,000. *See* (Doc. 1).

20  Separately, although unclear from the complaint, it appears Plaintiff intends to name
21  Aldridge Pite, LLP, as Defendant. A review of open-source information that Alridge Pite, LLP
22  maintains office locations in California and partners located within the state.[1] Thus, it appears that
23  Alridge Pite, LLP, is a citizen of California and, as Plaintiff asserts his residence to be Merced,
24  California (Doc. 1 at 2), diversity of citizenship does not exist. *See Johnson*, 437 F.3d at 899.

25  Additionally, a review of one of the listed addresses for Defendant in the complaint (11500
26  Bolthouse Drive, Bakersfield, California 93311) does not evidence it to be an address for Alridge

27

28  ---
[1] *See* "Attorney Listings," Aldridge Pite LLP, *available at* https://aldridgepite.com/attorneys/ (last visited October 30, 2025).

3

1  Pite, LLP, but rather for Valley Strong Credit Union. Valley Strong Credit Union is a federally-
2  insured credit union chartered as a nonprofit California corporation.[2] A corporation is a citizen of
3  both its state of incorporation and the state where it has its principal place of business. *Hertz Corp.*
4  *v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). Thus, Valley Strong Credit
5  Union is a citizen of the state of California. Though it is unclear whether Plaintiff intends to name
6  Valley Strong Credit Union as a defendant, in the event Plaintiff intends to do so, diversity of
7  citizenship does not exist.

### ii. Federal Question Jurisdiction

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a substantial question of federal law. *Franchise Tax Bd*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff's complaint is unclear as to the precise allegations and does not provide discrete claims or causes of action. Plaintiff's complaint does not reference any federal statutes and the Court does not perceive any federal question claim plainly arising from the complaint's

---

[2] *See* "Business Search," California Secretary of State, *available at* https://bizfileonline.sos.ca.gov/search/business (last visited October 30, 2025); "Credit Union Details," National Credit Union Administration, *available at* https://mapping.ncua.gov/CreditUnionDetails/68712 (last visited October 30, 2025).

4

allegations.

### C. Improper Venue

Even if the Court were to assume subject matter jurisdiction exists, venue in the Eastern District of California may be improper. Venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue may be proper in multiple districts so long as "a substantial part of the events or omission giving rise to the claim" took place in each district. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("A claim arises in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim"). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

Here, Plaintiff has failed to plead any facts establishing that the Eastern District of California is where a "substantial part of the events or omissions giving rise" to the claim occurred, nor that this is where a "substantial part of the property" at issue is situated. To the contrary, it appears from exhibits attached to Plaintiff's complaint that the operative events giving rise to Plaintiff's claims occurred in the Northern District of Georgia, where the property in dispute is located. (Doc. 1 at 13).

A court may dismiss an action brought in an improper venue or, in the interest of justice, may transfer an action to the correct district. 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369

U.S. 463, 465-67 (1962). While it appears plain from the complaint that this district is an improper venue for the action, even assuming that jurisdiction exists and venue is in fact proper, the Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)) (where neither party has requested transfer, the district court, should, at a minimum, issue an order to show cause why the case should not be transferred); *see Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459, at *2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a).").

Accordingly, the Court orders Plaintiff to show cause in writing why, if jurisdiction in fact exists, this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b).

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. **Within 21 days of the date of service of this Order**, Plaintiff SHALL show cause in writing as to the following:
    a. Why this action should not be dismissed for lack of subject matter jurisdiction; and
    b. In the event subject matter jurisdiction exists, why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b).
2. In the event Plaintiff makes a sufficient showing establishing that this Court has subject matter jurisdiction and is a proper venue, Plaintiff will be directed to file a signed copy of the complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure and Local Rules 100 and 131(b).

**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss the entire action without prejudice.**

IT IS SO ORDERED.

Dated:  **November 3, 2025**               _____
                                            UNITED STATES MAGISTRATE JUDGE